Jason M. Drangel (JMD 7204)

Ashly E. Sands (AES 7715)

EPSTEIN DRANGEL LLP

Attorneys for Plaintiff

60 East 42nd Street, Suite 2410

New York, NY 10165

Tel: 212-292-5390

Fax: 212-292-5391



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------X
                                                 :
Ideavillage Products Corp.,                      :
                                                 :
        Plaintiff,                               :
                                                 :
                                                 :
                v.                               :
                                                 :
                                                 :
Media Brands Co., Ltd. dba                       :
Media Brands and                                 :
Saonjay Mirpur aka Sanjay Mirpur                 :
and Sanjay Mirpuri                               :
                                                 :
        Defendants.                              :
                                                 :
-------------------------------------------------X
```

**COMPLAINT**

*14: CV: 6008,*

**JURY TRIAL REQUESTED**

Ideavillage Products Corp. ("Ideavillage" or "Plaintiff"), a New Jersey corporation, by and through its undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1.     This action arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq.; trademark infringement of federally registered trademarks in violation of § 32 of the Lanham Act 15 U.S.C. § 1114; counterfeiting of federally registered trademarks in violation of U.S.C. §§ 1114, 1116(d), and 1117(b)-(c); false designation of origin and unfair

competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and for related common law claims. Plaintiff seeks injunctive relief, an accounting, compensatory damages, trebling of the accounting and/or compensatory damages, punitive damages, attorney's fees and costs.

## JURISDICTION AND VENUE

2.     This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement and counterfeiting, and false designation of origin and unfair competition under the Lanham Act (15 U.S.C. §1051 et seq.), copyright infringement under 17 U.S.C. §501(a); supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a) - (b), and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3.     Venue is proper, inter alia, pursuant to 28 U.S.C. §1391 because Defendants conduct business in this district and, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and has caused damage to Plaintiff in this district.

4.     Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in New York and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## THE PARTIES

5.     Plaintiff, Ideavillage Products Corp. is a New Jersey corporation, having a principal place of business at 155 Route 46 West, Wayne, NJ 07470 ("Ideavillage" or "Plaintiff").

6.    Upon information and belief, Defendant Media Brands Co., Ltd. dba Media Brands is a corporation organized and existing under the laws of Hong Kong with a principal place of business at Flat/Rm A 15/F Kam Wing Commercial Building, 28-30 Minden Avenue, Tsimshatsui, Kowloon, Hong Kong.  ("Media Brands").

7.    Upon information and belief, Defendant Saonjay Mirpur is an individual also known as Sanjay Mirpur and Sanjay Mirpuri who resides in Hong Kong and has a principal place of business at Flat/Rm A 15/F Kam Wing Commercial Building, 28-30 Minden Avenue, Tsimshatsui, Kowloon, Hong Kong ("Mirpur").

8.    Media Brands and Mirpur are collectively referred to hereinafter as "Defendants".

9.    Upon information and belief, and at all times relevant hereto, Mirpur is an officer, director, principal, shareholder and/or owner of Media Brands and the acts of Mirpur, as alleged herein, were performed within the course and scope of such position. Defendants enriched themselves by fraudulent and illegal conduct as alleged herein, while Plaintiff suffered enormous financial injury.

10.    Upon information and belief, adherence to the fiction of the existence of Mirpur as separate and distinct from Media Brands would permit an abuse of corporate privilege and would permit an injustice in that Mirpur would succeed in avoiding legally incurred liabilities while maintaining the benefits of the corporate status.

11.    Upon information and belief since the time of its creation, now, and all times relevant to this Complaint such a unity of interest and ownership existed between Mirpur and Media Brands, such that separate personalities did not and do not in reality exist.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Consumer Products

12.     Plaintiff is a leading marketer of quality, innovative consumer products. Plaintiff promotes and sells its products through national direct response television commercials commonly called "As Seen On TV". Plaintiff also markets its products at the retail level at well-known mass retail outlets such as: Wal-Mart, Target Stores, Bed Bath & Beyond, Rite-Aid, CVS and Walgreens, through catalog companies and a network of international distributors. In addition, Plaintiff promotes and sells its products through its own and its retail customers' websites on the Internet, among other channels of trade..

13.     Ideavillage is among the most well-known, well-respected sources of many of the most popular As Seen On TV products sold in the United States including recent successes such as FINISHING TOUCH, PEDI SPIN, WUGGLE PETS, MICROTOUCH MAX, POP CHEF, and SNACKEEZ , among many other products.

14.     Ideavillage engages in the production, sale and distribution of a grooming device for women ("FINISHING TOUCH Product"), sold under the distinctive federally registered trademark FINISHING TOUCH, owned by Ideavillage ("FINISHING TOUCH Trademark"). The FINISHING TOUCH Trademark has been used in U.S. commerce and the FINISHING TOUCH Product has achieved great success since its introduction in May, 1998.

15.     Ideavillage engages in the production, sale and distribution of a grooming device for feet ("PEDI SPIN Product"), sold under the distinctive federally registered trademark PEDI SPIN, owned by Ideavillage ("PEDI SPIN Trademark"). The PEDI SPIN Trademark has been used in U.S. commerce and the PEDI SPIN Product has achieved great success since its introduction in August, 2011.

16.     Ideavillage engages in the production, sale and distribution of a children's plush toy ("WUGGLE PETS Product"), sold under the distinctive federally registered trademark WUGGLE PETS, owned by Ideavillage ("WUGGLE PETS Trademark"). The WUGGLE PETS Trademark has been used in U.S. commerce and the WUGGLE PETS Product has achieved great success since its introduction in July, 2011.

17.     Ideavillage engages in the production, sale and distribution of a grooming device for men ("MICROTOUCH MAX Product"), sold under the distinctive federally registered trademark MICROTOUCH MAX, owned by Ideavillage ("MICROTOUCH MAX Trademark"). The MICROTOUCH MAX Trademark has been used in U.S. commerce and the MICROTOUCH MAX Product has achieved great success since its introduction in September, 2010.

18.     Ideavillage engages in the production, sale and distribution of a food cutting device ("POP CHEF Product"), sold under the distinctive federally registered trademark POP CHEF, owned by Ideavillage ("POP CHEF Trademark"). The POP CHEF Trademark has been used in U.S. commerce and the POP CHEF Product has achieved great success since its introduction in December, 2012.

19.     Ideavillage engages in the production, sale and distribution of a drink/food container ("SNACKEEZ Product"), sold under the distinctive federally registered trademark SNACKEEZ, owned by Ideavillage ("SNACKEEZ Trademark"). The SNACKEEZ Trademark has been used in U.S. commerce and the SNACKEEZ Product has achieved great success since its introduction in September, 2013.

20.     In addition to the above, Ideavillage also owns copyrights and U.S. copyright registrations in and related to the packaging and instructions for the: FINISHING

TOUCH Product, PEDI SPIN Product, WUGGLE PETS Product, MICROTOUCH MAX Product, POP CHEF Product and SNACKEEZ Product. The FINISHING TOUCH Product, PEDI SPIN Product, WUGGLE PETS Product, MICROTOUCH MAX Product, POP CHEF Product and SNACKEEZ Product are collectively referred to as "Idea Products."

21.     Ideavillage has gained significant common law trademark and other rights in its Idea Products, through use, advertising and promotion, and Ideavillage has also protected its valuable rights by filing for and obtaining federal trademark.

22.     Ideavillage is the owner of the following federally registered trademarks including, but not limited to: U.S. Trademark Registration No. 4,422,095 for FINISHING TOUCH; U.S. Trademark Registration No. 4,306,416 for FINISHING TOUCH SMILE; U.S. Trademark Registration No. 4,182,295 for PEDI SPIN; U.S. Trademark Registration No. 4,101,593 for WUGGLEPETS; U.S. Trademark Registration No. 4,183,150 for MICROTOUCH MAX; U.S. Trademark Registration No. 4,446,586 for POP CHEF; and U.S. Trademark Registration No. 4,534,742 for SNACKEEZ (collectively herein referred to as "Idea Trademarks"). **See Exhibit A.**

23.     Plaintiff also owns both registered and unregistered copyrights in and related to its Idea Products. Plaintiff has protected its valuable rights by filing and obtaining United States copyright registrations in and relating to the Idea Products' packaging and instructions.

24.     Ideavillage owns the following relevant United States Copyright Registrations: VA 1-828-606 (Finishing Touch Diamond); VA 1-814-093 (Pedi Spin); VA 1-790-059 (Wugglepets); VA 1-801-747 (Microtouch Max Blue Packaging); VA 1-801-748

(Microtouch Max Black Packaging); VA 1-871-609 (Pop Chef); and VA-1-896-848 (Snackeez) . (collectively herein referred to as "Idea Works"). **See Exhibit B.**

25.   The success of the Idea Products is due in part to Plaintiff's marketing and promotional efforts, These efforts include advertising and promotion through Plaintiff's websites, television publicity, print and other internet-based advertising, dozens of authorized major retail outlets domestically and abroad, participation in trade shows, among other efforts. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in Idea Products, Idea Trademarks and Idea Works.

26.   Plaintiff's success is also due to its use of the highest quality materials and processes in making the Idea Products.

27.   In addition, Plaintiff owes a substantial amount of the success of the Idea Products to its consumers, and word of mouth buzz that its consumers have generated.

28.   Plaintiff's efforts, the quality of Plaintiff's products, its marketing and promotional efforts, and the word-of-mouth buzz generated by its consumers, have made the Idea Trademarks and Idea Products prominently placed in the minds of the public. Retailers, retail buyers, consumers, and the members of the public have become familiar with Idea Products, and associate them exclusively with Ideavillage.

29.   Plaintiff and its Idea Trademarks have acquired a valuable reputation and goodwill among the public as a result of such associations, *i.e.*, acquired distinctiveness or secondary meaning.

30.   Plaintiff has never authorized or consented to the use of its Idea Trademarks, or any confusingly similar marks by Defendants; nor have Plaintiffs authorized Defendants to manufacture, copy, sell, or distribute any Idea Works.

**Defendants' Wrongful and Infringing Conduct**

31.    In light of Plaintiff's success with its popular "As Seen On TV" products, Plaintiff and its Idea Products, have become targets for unscrupulous individuals and entities who wish to take a free ride on the goodwill, reputation and fame Plaintiff has built up in its Idea Products, Idea Trademarks and the works embodied in Plaintiff's Idea Works.

32.    Plaintiff investigates and enforces against such activity, and through such efforts, learned of Defendants' actions which vary and include: copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of Idea Trademarks and/or Idea Works, and/or products that contain labels and/or hang tags bearing Idea Trademarks and/or Idea Works, and/or bearing marks and/or artwork that is confusingly or substantially similar to Idea Trademarks and/or Idea Works, and/or products that are identical or confusingly or substantially similar to Idea Products (collectively hereinafter referred to as, "Infringing Products" or "Counterfeit Products").    In fact, Defendants advertised and marketed the Infringing Products using the following e-mail domain name (__@media-brands.com), many of which were sent directly to Plaintiff and many of its customers and partners.   **See Exhibit C.**

33.    By these dealings in Infringing Products (including: copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products) — Defendants have violated Plaintiff's exclusive rights in its Idea Trademarks and Idea Works. Defendants' conduct began long after Plaintiff's adoption and use of its Idea Trademarks and Idea Works, after Plaintiff

obtained the copyright and trademark registrations alleged above, and after Plaintiff's Idea Products and Idea Trademarks became well known.

34.     Prior to and contemporaneous with their actions alleged herein, Defendants had knowledge of Plaintiff's ownership of its Idea Trademarks and Idea Works, and of the extraordinary fame and strength of Idea Trademarks and Idea Works, and the incalculable goodwill associated therewith, and in bad faith adopted Plaintiff's Idea Trademarks and Idea Works.

35.     In many instances Defendants were given actual notice of the infringements and continued their unlawful activities. See an example of a warning letter sent to Defendants by Ideavillage on January 4, 2012 and December 5, 2005 attached hereto as **Exhibit D** .

36.     In fact, in response to one warning letter, Defendants replied,  "You really think this is going to scare or stop me??? Think again . . . . . . . I will be watching you very closely and every item you do."  See Defendants' response dated January 5, 2012 to the warning letter sent by Ideavillage attached hereto as **Exhibit E.**

37.     Defendants also market and promote many of the Infringing Products as "As Seen on TV" products though none of Defendants' Infringing Products are actually marketed or promoted on television by Defendants.

38.     Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's Idea Trademarks and Idea Works.  Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' Idea Trademarks and Idea Works, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants' Infringing

Products.  By its wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

39.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## FIRST CAUSE OF ACTION

### (Federal Copyright Infringement)

### [17 U.S.C. §501(a)]

40.     Plaintiff repeats and re-allege every allegation set forth in Paragraphs 1-39.

41.     Ideavillage is the exclusive owner of the Idea Works.

42.     Defendants had actual notice of Plaintiff's exclusive copyright rights in and to the Idea Works.

43.     Defendants did not attempt and failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market  Plaintiff's Idea Products and/or Idea Works.

44.     Without  permission,  Defendants  intentionally  and  knowingly reproduced, copied and displayed, Plaintiff's Idea Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale and/or selling Infringing Products which bear such Idea Works that is  at a minimum, substantially similar to Plaintiff's Idea Works.

45.     Defendants' acts as alleged herein, constitute infringement of Plaintiff's Idea Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Idea Works.

46.     Defendants knowing and intentional copyright infringement as alleged herein has caused, and will continue to cause, substantial and irreparable harm to Plaintiff, and has, and will continue to cause, damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Infringement of Registered Trademark)

### [15 U.S.C. § 1114/Lanham Act § 32(a)]

47.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-39.

48.     Ideavillage owns and has continuously used the Idea Trademarks in interstate commerce as identified above.

49.     Plaintiff, as the owner of all right, title and interest in and to the Idea Trademarks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. § 1114.

50.     Defendants are now, and were at the time of their actions complained of herein, actually aware that Plaintiff is the registered trademark holder of the Idea Trademarks.

51.     Defendants did not attempt and failed to obtain consent or authorization from Plaintiff, as the registered owner of the Idea Trademarks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell  Idea Products and/or related products bearing the Idea Trademarks into the stream of commerce.

52.     Defendants knowingly and intentionally reproduced, copied, and colorably imitated Plaintiff's Idea Trademarks and applied such reproductions, copies, or

colorable imitations to labels, signs, prints, websites, packaging, wrappers, receptacles, and/or advertisements used in commerce, and/or intended to be used in commerce upon or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, and/or sale of Defendants' Infringing Products. Defendants thereupon manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, retailed, offered for sale and/or sold Infringing Products and/or related products bearing, or in connection with, such labels, signs, prints, packages, wrappers, receptacles and/or advertisements.

53.    Defendant's egregious and intentional use and sale of Infringing Products bearing Plaintiff's Idea Trademarks or colorable imitations of the Idea Trademarks has caused actual confusion, is likely to continue to cause further confusion, to cause mistake, and to deceive, mislead, betray, and defraud the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the general purchasing public into believing that Defendants' Infringing Products are Plaintiff's Idea Products, or otherwise associated with, or authorized by, Ideavillage.

54.    Defendant's acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the Idea Trademarks, as well as with bad faith and the intent of causing confusion, mistake and deception.

55.    Plaintiff has suffered, and will continue to suffer, substantial and irreparable injury, loss and damage to its rights in and to the Idea Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

56.     Defendants' continued and knowing and intentional use of Plaintiff's Idea Trademarks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Idea Trademarks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by § 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

### (Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act)

### [15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)]

57.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-39.

58.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in its Idea Trademarks, Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, retailed, offered for sale and/or sold Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce.

59.     Defendants' Counterfeit Products reproduce, counterfeit, copy, and colorably imitate Plaintiff's Idea Trademarks or display spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's Idea Trademarks.

60.     Defendants have applied their reproductions, counterfeits, copies, and colorable imitations to labels, point-of-purchase images, and advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, and/or selling of

Defendant's Counterfeit Products, which is likely to cause confusion, cause mistake, or to deceive the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing that the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by Ideavillage.

61.     Defendant's unauthorized use of Plaintiff's Idea Trademarks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff.  Defendants' actions constitute willful counterfeiting of Plaintiff's Idea Trademarks in violation of 15 U.S.C. §§ 1114, 1116(d), and 1117(b)-(c).

62.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable Idea Trademarks and other damages in an amount to be proved at trial.

63.     Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, and/or selling Counterfeit Products unless this Court enjoins Defendants from such activities.

## FOURTH CAUSE OF ACTION
### (False Designation of Origin & Unfair Competition)

### [15 U.S.C. §1125(a)/Lanham Act §43(a)]

64.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-39.

65.     Plaintiff, as the owner of all common law right, title, and interest in and to Idea Trademarks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act §43(a) (15 U.S.C. §1125). The Idea Trademarks are inherently distinctive and/or have acquired distinctiveness.

66.     Defendants have without authorization, on or in connection with their Infringing Products, used in commerce marks that are confusingly similar to Plaintiff's Idea Trademarks, and/or made false designations of origin which are likely to cause confusion, cause mistake and to deceive as to the affiliation, connection or association of Defendants' Infringing Products with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' Infringing Products and commercial activities by Plaintiff..

67.     Defendants' knowingly and willfully used in commerce product designs that are confusingly similar to and constitute a reproduction of Plaintiff's Idea Works and used Plaintiff's Idea Trademarks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, and/or sale of Infringing Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public and in blatant disregard of Plaintiff's rights.

68.     Defendants' unlawful, unauthorized, and unlicensed manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, retailing, offering for sale, and/or selling of Infringing Products violates the Lanham Act, and creates express and implied misrepresentations that Defendants' Infringing Products were created, authorized, sanctioned, or approved by Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendants' to capitalize on the goodwill associated with, and the consumer recognition of, Plaintiff's Marks and brands, to Defendants' substantial profit.

69.     Defendants' have created a false designation of origin (passing off), and are unfairly competing with Plaintiff, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and are causing substantial and irreparable injury to Plaintiff's goodwill and

reputation, for which it has no adequate remedy at law, and if not enjoined, will continue to cause substantial and irreparable injury to Plaintiff and to the purchasing public.

71.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

71.     Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a reproduction of Plaintiff's Idea Trademarks would cause confusion, mistake, or deception among purchasers, users and the public.

72.     Defendants egregious and intentional use and sale of Infringing Products that are confusingly similar to or identical to or colorable imitations of Plaintiff's Idea Trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers into believing that the substandard imitations are genuine Idea Products or related products.

73.     Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Idea Trademarks.

74.     As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff has been, and will be, deprived of sales of its Idea Products in an amount as yet unknown but to be determined at trial, and has been, and will be, deprived of the

value of its Idea Trademark as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

75.   Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

**FIFTH CAUSE OF ACTION**

**(Violation of Deceptive Trade Practices Act - Gen. Bus. Law § 349)**

76.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-39.

77.   Defendants' aforementioned conduct is false, misleading and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce and is misleading the public and injuring the goodwill and reputation of Plaintiff in violation of N.Y. Gen, Bus. Law §§ 349.

**SIXTH CAUSE OF ACTION**

**(False Advertising - N.Y. Gen. Bus. Law § 350)**

78.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-39.

79.   By reason of the foregoing acts, Defendants have engaged in, and are continuing to engage in, acts which are misleading the public and injuring the goodwill and reputation of Plaintiff in violation of N.Y. Gen, Bus. Law § 350.

## SEVENTH CAUSE OF ACTION

### (Common Law Unfair Competition and Contributory Trademark Infringement)

### [New York Common Law]

80.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-39.

81.     By assisting and encouraging third parties to manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, sell and/or otherwise deal in Infringing Products, Defendants have engaged in unfair competition and contributory trademark infringement in violation of the common law of the State of New York.

82.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, to cause mistake or to deceive, and in disregard of Plaintiff's rights.

83.     Defendants' wrongful conduct, as alleged herein, has permitted, and will permit, them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been, and will continue to be, deprived of substantial sales of its Idea Products in an amount as yet unknown but to be determined at trial, and has been, and will continue to be deprived of the value of its Idea Trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiff seeks an order granting Defendants' profits stemming from their infringing activity, and actual and/or compensatory damages.

84.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks preliminary and permanent injunctive relief.

85.   Plaintiff seeks exemplary or punitive damages for Defendants' intentional misconduct.

WHEREFORE, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

B.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under federally registered trademark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114;

C.   For an award of statutory damages of $2 million per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(d).

D.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.   In the alternative to actual damages and Defendants' profits for the infringement and unauthorized use of Plaintiff's Idea Trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

F.   In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 USC §504(c), which election Plaintiff will make prior to the rendering of final judgment;

G.   For restitution in an amount to be proven at trial for unfair, fraudulent and illegal

business practices;

H.     For damages to be proven at trial for common law unfair competition;

I.     For an injunction by this Court prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any Infringing Product; the unauthorized use of any Idea Trademarks or Idea Works or other intellectual property right of Plaintiffs; acts of trademark infringement, trade dress infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

J.     For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

K.     For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

L.     For an order form the Court disabling the media-brands.com domain name and website and use of the domain name as an e-mail address;

M.     For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118 and 17 USC §503;

N.     For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of deceit engaged in by Defendants, under 15 U.S.C. §1117(b);

O.     For damages in an amount to be proven at trial for unjust enrichment.

P.    For an award of exemplary or punitive damages in an amount to be determined by

the Court;

Q.    For Plaintiff's reasonable attorney's fees;

R.    For all costs of suit; and

S.    For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury in this action.

Dated:   7/25/14.          EPSTEIN DRANGEL LLP

By:_____

Jason M. Drangel (JMD 7204)
Ashly E. Sands (AES 7715)
Epstein Drangel LLP
60 East 42nd Street, Suite 2410
New York, NY 10165
Tel: 212-292-5390 / Fax: 212-292-5391

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# PEDI SPIN

**Reg. No. 4,182,295**
**Registered July 31, 2012**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

**Int. Cl.: 8**

FOR: BATTERY OPERATED FOOT CALLUS REMOVERS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

**TRADEMARK**

FIRST USE 8-27-2011; IN COMMERCE 8-27-2011.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PEDI", APART FROM THE MARK AS SHOWN.

SER. NO. 85-448,742, FILED 10-17-2011.

ARETHA SOMERVILLE, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# FINISHING TOUCH

**Reg. No. 4,422,095**
**Registered Oct. 22, 2013**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: CUTICLE SCISSORS; DEPILATORY APPLIANCES; ELECTRIC AND BATTERY-POWERED HAIR TRIMMERS; ELECTRIC SHAVERS; NAIL SCISSORS; TWEEZERS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 5-1-1998; IN COMMERCE 5-1-1998.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-931,181, FILED 5-14-2013.

JACQUELINE ABRAMS, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# FINISHING TOUCH SMILE

**Reg. No. 4,306,416**

**Registered Mar. 19, 2013**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: TEETH WHITENING KITS; TEETH WHITENING STRIPS IMPREGNATED WITH TEETH WHITENING PREPARATIONS; TEETH WHITENING CREAMS; TEETH WHITENING GELS; TEETH WHITENING PASTES; TEETH WHITENING PREPARATIONS; TEETH WHITENING PENS CONTAINING TEETH WHITENING GEL, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 3-27-2012; IN COMMERCE 3-27-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,840,298 AND 3,321,046.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SMILE", APART FROM THE MARK AS SHOWN.

SN 85-509,131, FILED 1-5-2012.

TRACY FLETCHER, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# WUGGLEPETS

**Reg. No. 4,101,593**

**Registered Feb. 21, 2012**

**Int. Cl.: 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: PLUSH TOYS; TOY TOOLS, NAMELY, A PLUSH TOY STUFFING TOOL, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 7-8-2011; IN COMMERCE 7-8-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-328,244, FILED 5-24-2011.

GRETCHEN ULRICH, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# MICROTOUCH MAX

**Reg. No. 4,183,150**

**Registered July 31, 2012**

**Int. Cl.: 8**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: APPLIANCES FOR BEAUTY CARE PURPOSES, NAMELY ELECTRIC SHAVERS, BATTERY-OPERATED HAIR TRIMMERS AND DEPILATORY APPLIANCES; SCISSORS, HAND-OPERATED SHEARS, RAZORS, AND MANICURE IMPLEMENTS, NAMELY, NAIL FILES, NAIL CLIPPERS, CUTICLE PUSHERS, TWEEZERS, NAIL AND CUTICLE SCISSORS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 9-30-2010; IN COMMERCE 9-30-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-491,545, FILED 12-9-2011.

TRACY FLETCHER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# POP CHEF

**Reg. No. 4,446,586**

**Registered Dec. 10, 2013**

**Int. Cl.: 21**

**TRADEMARK**

**PRINCIPAL REGISTER**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46 WEST
WAYNE, NJ 07470

FOR: FOOD CUTTING DEVICES FOR HOUSEHOLD USE, NAMELY, A DEVICE COMPRISED OF PLASTIC MOLDS USED TO CUT DECORATIVE SHAPES OUT OF FOODS, IN PARTIC- ULAR COOKIES, FRUIT, VEGETABLES, SANDWICHES, COOKIES, PASTRIES, PIZZA TOPPINGS, AND CHEESE, AND A BULB TO FORCE THE FOOD OUT OF THE CUTTING MOLDS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 12-1-2012; IN COMMERCE 12-1-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR- TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHEF", APART FROM THE MARK AS SHOWN.

SER. NO. 85-824,356, FILED 1-16-2013.

SUSAN BILLHEIMER, EXAMINING ATTORNEY



Deborah S. Cohn

Commissioner for Trademarks of the
United States Patent and Trademark Office

# United States of America
### United States Patent and Trademark Office

# SNACKEEZ

**Reg. No. 4,534,742**
**Registered May 20, 2014**

IDEAVILLAGE PRODUCTS CORP. (NEW JERSEY CORPORATION)
155 ROUTE 46
WAYNE, NJ 07470

**Int. Cl.: 21**

FOR: HOUSEHOLD AND TRAVEL FOOD CONTAINERS, NAMELY, FOOD AND BEVERAGE CONTAINERS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

**TRADEMARK**

FIRST USE 9-0-2013; IN COMMERCE 9-0-2013.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-942,107, FILED 5-24-2013.

JACQUELINE ABRAMS, EXAMINING ATTORNEY



*Michelle K. Lee*
**Deputy Director of the United States**
**Patent and Trademark Office**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-814-093

**Effective date of
registration:**

March 27, 2012

---

## Title
**Title of Work:** Pedi Spin Packaging

## Completion/Publication
**Year of Completion:** 2011

**Date of 1st Publication:** December 13, 2011     **Nation of 1st Publication:** United States

## Author
- **Author:** Ideavillage Products Corp.

  **Author Created:** text, photograph(s)

  **Work made for hire:** Yes

  **Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant
**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions
**Organization Name:** Epstein Drangel LLP

**Email:** mail@ipcounselors.com     **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165 United States

## Certification
**Name:** Jason Drangel

**Date:** March 27, 2012

**Applicant's Tracking Number:** 1111-801

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-828-462**

**Effective date of registration:**

July 11, 2012

## Title

**Title of Work:** Finishing Touch Diamond Light Packaging

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** March 19, 2012      **Nation of 1st Publication:** United States

## Author

**Author:** Ideavillage Products Corp.

**Author Created:** text, photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States      **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Email:** mail@ipcounselors.com      **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165, United States

## Certification

**Name:** Jason Drangel

**Date:** July 11, 2012

**Applicant's Tracking Number:** 1111

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## VA 1-790-059

**Effective date of
registration:**

September 16, 2011

---

## Title

**Title of Work:** Wuggle Pets Packaging and Instructions

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** August 1, 2011     **Nation of 1st Publication:** United States

## Author

■ **Author:** Ideavillage Products Corp.

**Author Created:** text, photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Certification

**Name:** Jason Drangel

**Date:** September 16, 2011

---

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number:**

**VA 1-801-747**

**Effective date of
registration:**

**January 20, 2012**

## Title

**Title of Work:** Micro Touch Max Blue Packaging and Instructions

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** September 1, 2011     **Nation of 1st Publication:** United States

## Author

■  **Author:** Ideavillage Products Corp.

**Author Created:** text, photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Email:** mail@ipcounselors.com     **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165, United States

## Certification

**Name:** Jason Drangel

**Date:** January 20, 2012

**Applicant's Tracking Number:** 1111

Page 1 of 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-801-748

**Effective date of
registration:**

January 20, 2012

## Title

**Title of Work:** Micro Touch Max Black Packaging and Instructions

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** September 1, 2010   **Nation of 1st Publication:** United States

## Author

■ **Author:** Ideavillage Products Corp.

**Author Created:** text, photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Email:** mail@ipcounselors.com    **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165 United States

## Certification

**Name:** Jason Drangel

**Date:** January 20, 2012

**Applicant's Tracking Number:** 1111

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-871-609

**Effective date of
registration:**

July 11, 2013

## Title

**Title of Work:** Pop Chef Packaging

## Completion/Publication

**Year of Completion:** 2013

**Date of 1st Publication:** April 17, 2013   **Nation of 1st Publication:** United States

## Author

■ **Author:** Ideavillage Products Corp.

**Author Created:** text, photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States   **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Name:** Jason M. Drangel

**Email:** mail@ipcounselors.com   **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165 United States

## Certification

**Name:** Jason M. Drangel

**Date:** July 11, 2013

**Applicant's Tracking Number:** 1111

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-896-848

**Effective date of
registration:**

March 7, 2014

---

## Title

**Title of Work:** Snackeez Packaging

## Completion/Publication

**Year of Completion:** 2013

**Date of 1st Publication:** September 30, 2013     **Nation of 1st Publication:** United States

## Author

- **Author:** Ideavillage Products Corp.

  **Author Created:** text, photograph(s), 2-D artwork

  **Work made for hire:** Yes

  **Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Ideavillage Products Corp.

155 Route 46 West, Wayne, NJ, 07470, United States

## Rights and Permissions

**Organization Name:** Epstein Drangel LLP

**Name:** Jason M Drangel

**Email:** mail@ipcounselors.com          **Telephone:** 212-292-5390

**Address:** 60 E. 42nd St.

Suite 2410

New York, NY 10165 United States

## Certification

**Name:** Sarah I. Cohen

**Date:** March 7, 2014

---

# EXHIBIT C

**Jason M. Drangel**

| | |
|---|---|
| **From:** | Andy Khubani <andy@IdeaVillage.com> |
| **Sent:** | Wednesday, January 04, 2012 3:58 PM |
| **To:** | Jason M. Drangel |
| **Subject:** | FW: FINISHING TOUCH DIAMOND |

**Anand Khubani |** President and CEO **| ideavillage Products Corp. |** P: 973.826.8408 | F: 973.826.8401 | Wayne Plaza II **|** 155 Route 46 West, 4th Floor **|** Wayne, NJ  07470 **|** andy@ideavillage.com

**From:** Saonjay Mirpur - Media Brands [mailto:saonjaymirpur@media-brands.com]
**Sent:** Wednesday, January 04, 2012 5:35 AM
**To:** weusa@aol.com; Andy Khubani; Lana Rascionato; Marty Cohen; Ron Boger; 'Fiona Yiu AZAD'; davattr@aol.com; david@advantagedrtv.com; dstocknoff@yahoo.com; mmay@advantagedrtv.com
**Subject:** FINISHING TOUCH DIAMOND

1



**Jason M. Drangel**

**Subject:** FW: PEDI SILK / PEDI SPIN
**Attachments:** photo.JPG

**From:** Charlie Lee - Media Brands [mailto:cs@media-brands.com]
**Sent:** Tuesday, March 27, 2012 6:19 AM
**To:** Charlie Lee - Media Brands
**Subject:** PEDI SILK / PEDI SPIN

Dear Buyers,

See attached pictures

We are pleased to inform we have both models of this product available

Pedi Silk: $1.50/set FOB SHENZHEN
Pedi Spin: $1.60/set FOB SHENZHEN

100% same as shown in the attached picture

Delivery lead time: 15-20 days

Can go into production immediately

Please feel free to contact us to receive further information/samples/etc


Best regards,
Charlie Lee

# Media Brands ● www.media-brands.com

15/Fl., Kam Wing Commercial Bldg.,
28-30 Minden Avenue., TST., Kowloon
HONG KONG SAR

T |+ 852 3590 6532
F |+ 852 3590 3985


CONFIDENTIALITY NOTICE:

This email and any files transmitted with it are property of Ideavillage Products Corp. and may contain information which is confidential and proprietary. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at 973-826-8400 or admin@ideavillage.com



## Jason M. Drangel

**From:**          Andy Khubani <andy@IdeaVillage.com>
**Sent:**          Wednesday, January 04, 2012 4:00 PM
**To:**            Jason M. Drangel
**Subject:**       FW: WUGGLE PETS

**Anand Khubani |** President and CEO **| ideavillage Products Corp. |** P: 973.826.8408 **|** F:
973.826.8401 **|** Wayne Plaza II **|** 155 Route 46 West, 4th Floor **|** Wayne, NJ  07470 **|**
andy@ideavillage.com

**From:** Charlie Lee - Media Brands [mailto:cs@media-brands.com]
**Sent:** Tuesday, January 03, 2012 2:00 AM
**To:** Charlie Lee - Media Brands
**Subject:** NEW: WUGGLE PETS

Dear Partners,

New item we are ready with
Pictures below

HSN video: http://www.hsn.com/infomercial/wuggle-pets-toy-factory-with-4-animals-and-accessories_p-
6531100_xp.aspx

Price: $1.20/set FOB Shenzhen
Delivery: Can ship in 15 days
Packing: Color box





Best regards,
Charlie Lee

## Media Brands • www.media-brands.com

15/Fl., Kam Wing Commercial Bldg.,
28-30 Minden Avenue., TST., Kowloon
HONG KONG SAR

T | + 852 3590 6532
F | + 852 3590 3985

---

CONFIDENTIALITY NOTICE:

This email and any files transmitted with it are property of Ideavillage Products Corp. and may contain information which is confidential and proprietary. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at 973-826-8400 or admin@ideavillage.com

**Jason M. Drangel**

| | |
|---|---|
| **From:** | Andy Khubani <andy@IdeaVillage.com> |
| **Sent:** | Wednesday, January 04, 2012 4:00 PM |
| **To:** | Jason M. Drangel |
| **Subject:** | FW: Micro Touch Max Personal Trimmer |

**Anand Khubani** | President and CEO | **ideavillage Products Corp.** | P: 973.826.8408 | F: 973.826.8401 | Wayne Plaza II | 155 Route 46 West, 4th Floor | Wayne, NJ 07470 | andy@ideavillage.com

**From:** Charlie Lee - Media Brands [mailto:cs@media-brands.com]
**Sent:** Tuesday, January 03, 2012 4:36 AM
**To:** Charlie Lee - Media Brands
**Subject:** Micro Touch Max Personal Trimmer

Dear Partners,

Here is another item we are ready to offer!
We have the best price in the market!

HSN video: http://www.hsn.com/infomercial/micro-touch-max-personal-trimmer-2-pack_p-6209590_xp.aspx?web_id=6209590&ocm=sekw

Price: $0.63/pc FOB Shenzhen
Packing: Heat sealed standing blister
Delivery: Can ship in 20 days



Best regards,

Charlie Lee

# Media Brands • www.media-brands.com

15/Fl., Kam Wing Commercial Bldg.,
28-30 Minden Avenue., TST., Kowloon
HONG KONG SAR

T |+ 852 3590 6532
F |+ 852 3590 3985

CONFIDENTIALITY NOTICE:

This email and any files transmitted with it are property of Ideavillage Products Corp. and may contain information which is confidential and proprietary. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at 973-826-8400 or admin@ideavillage.com

**Jason M. Drangel**

| | |
|---|---|
| **From:** | Andy Khubani <andy@IdeaVillage.com> |
| **Sent:** | Friday, March 30, 2012 7:09 AM |
| **To:** | Dan De la Rosa; Jason M. Drangel |
| **Cc:** | Donald Beshada |
| **Subject:** | Fwd: FINISHING TOUCH SMILE |

Regards,

Anand Khubani

Begin forwarded message:

> **From:** Charlie Lee - Media Brands <cs@media-brands.com>
> **Date:** March 30, 2012 3:14:42 AM EDT
> **To:** Charlie Lee - Media Brands <cs@media-brands.com>
> **Subject:** FINISHING TOUCH SMILE
> **Reply-To:** "cs@media-brands.com" <cs@media-brands.com>

Dear Sirs,

We are ready with this item

https://www.finishingtouchsmile.com/

Please contact if you would be interested

Best regards,
Charlie Lee

# Media Brands ·$B!&I&I&·(B www.media-brands.com

15/Fl., Kam Wing Commercial Bldg.,

28-30 Minden Avenue., TST., Kowloon
HONG KONG SAR

T |+ 852 3590 6532
F |+ 852 3590 3985

CONFIDENTIALITY NOTICE:

1

This email and any files transmitted with it are property of Ideaviliage Products Corp. and may contain information which is confidential and proprietary. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at 973-826-8400 or admin@ideavillage.com

## Jason M. Drangel

| | |
|---|---|
| **From:** | Anand Dhirmalani <anand@intersellventures.com> |
| **Sent:** | Tuesday, July 16, 2013 5:26 PM |
| **To:** | Jason M. Drangel |
| **Subject:** | FW: pop chef |

Anand A. Dhirmalani, esq.
Founder
INTERSELL
115 West 29th street
Suite 606
New York, NY 10001
+ 1 212-867-7290 x 103

**From:** Saonjay Mirpur - Media Brands [mailto:saonjaymirpur@media-brands.com]
**Sent:** Thursday, July 04, 2013 2:09 AM
**To:** Saonjay Mirpur - Media Brands
**Subject:** pop chef



The quick & easy way to make
## unique, fun snacks

HOME   CUSTOM

**LIMITED TIME OFFER**

for Only

# $10.00
+S&H

**ORDER NOW**

VISA

Edible
Creations

0:09

FEATU

**You'll Get:**

1 Bulb

25 Bamboo Skewers

6 Shape Cutters

1 Recipe Book!

**Plus A FREE**
Special Occasions Set

30 PIECES FREE!

Just pay s&h

• Quick a
  push, p

• Creates
  and trai

• 12 diffe
  creative

• Handles

---

**Pop Chef™ is so easy to use, EVERYONE can do it!**
# JUST PUSH, POP AND CREA

---



No More

**Pop Chef™** is great for making all th

Sincerely,
**Saonjay**

Saonjay Mirpur | Media Brands International Ltd
**President / CEO**

**MB Headquarters/HK showroom**
15/Fl., Kam Wing Commercial Bldg.,
28-30 Minden Avenue., TST., Kowloon
HONG KONG SAR

T  | + 852 2369 9709
F  | + 852 2369 9896
W | www.media-brands.com

**MB China branch**
Zhejiang province, Ningbo city Xiangshan County
Xizhou town, Chaixi Industrial Estate
CHINA PRC



**Electronic Retailing Association**
September 24 - 26, 2013
Wynn, Las Vegas





**CONFIDENTIALITY:** This message and any attached files, are confidential and intended solely for the addressee named above. If you are not the intended recipient and have received this message in error or it has been disclosed to you for any other reason, please notify us by email and destroy or delete the message. In any event, you may not use, copy, alter, file or disclose this message and its attachments to third parties. If you engage in any such act, you will be legally liable.

**Jason M. Drangel**

**Subject:**                    FW: media brands snackeez

**From:** Saonjay Mirpur - Media Brands <saonjaymirpur@media-brands..com>
**Subject: SNACKEEZ**
**Date:** June 25, 2014 at 11:29:57 PM PDT
**To:** Saonjay Mirpur - Media Brands <saonjaymirpur@media-brands..com>
**Reply-To:** <saonjaymirpur@media-brands..com>

Dear Sir / Madame:

Here is SNACKEEZ!
Should you need any further information, please feel free to contact us at anytime. Thank you.



Sincerely,
Saonjay

Saonjay Mirpur | Media Brands International Ltd
**President / CEO**

**MB Headquarters/HK showroom**
15/Fl., Kam Wing Commercial Bldg.,

28-30 Minden Avenue., TST., Kowloon
HONG KONG SAR

T  | + 852 2369 9709
F  | + 852 2369 9896
W | www.media-brands.com

**MB China branch**
Zhejiang province, Ningbo city Xiangshan County
Xizhou town, Chaixi Industrial Estate

CHINA PRC







**CONFIDENTIALITY:** This message and any attached files, are confidential and intended solely for the addressee named above. If you are not the intended recipient and have received this message in error or it has been disclosed to you for any other reason, please notify us by email and destroy or delete the message. In any event, you may not use, copy, alter, file or disclose this message and its attachments to third parties. If you engage in any such act, you will be legally liable.

 This email is free from viruses and malware because <u>avast! Antivirus</u> protection is active.

CONFIDENTIALITY NOTICE:

This email and any files transmitted with it are property of Ideavillage Products Corp. and may contain information which is confidential and proprietary. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at 973-826-8400 or <u>admin@ideavillage.com</u>

# EXHIBIT D



January 4, 2012

**Via E-Mail**

Mr. Charlie Lee
Mr. Saonjay Mirpur
Media Brands
15/Fl., Kam Wing Commercial Bldg.
28-30 Minden Avenue.,
Kowloon HONG KONG

   Re: <u>Infringement of Ideavillage Products Intellectual Property</u>

Dear Sirs:

  We are intellectual property counsel to Ideavillage Products Corp. ("Ideavillage").  As you know, our client markets quality innovative consumer products.  Our client has gone to great lengths to protect its interests in the products it markets.

  We have become aware that your company is marketing knock-offs of its popular MICROTOUCH MAX, FINISHING TOUCH and WUGGLE PETS products, using actual Ideavillage promotional materials. See attached.  One of the items even identifies Ideavillage as the source.  Given that we have previously placed you on notice of infringement on behalf of Ideavillage we are surprised and concerned by your blatant and harmful actions.  Our client considers such action to be a blatant disregard of its rights.  If you wish to settle this matter amicably, it is necessary for your company to immediately cease any marketing or sale of the infringing products (as well as any and all Ideavillage products) and send an immediate retraction to all e-mail recipients who received the accompanying marketing materials with a cc to the undersigned at: jdrangel@ipcounselors.com.

  Given the severity of this matter we require immediate compliance with confirmation by no later January 6, 2012.  Failure to comply will only assure us of your company's intention to infringe our client's intellectual property rights. In such a situation we have been instructed to take all actions necessary to enforce our client's rights to the full extent of the law.

        Very truly yours,

        Jason M. Drangel

cc: Mr. Anand Khubani, President, Ideavillage Products Corp.

---

Epstein Drangel LLP   60 East 42nd Street, Suite 2410, New York, NY 10165
Phone: (212) 292-5390    Fax: (212) 292-5391    E-mail: mail@ipcounselors.com

# Jason M. Drangel

| | |
|---|---|
| **From:** | Sanjay Mirpuri <sanjay@media-brands.com> |
| **Sent:** | Friday, December 09, 2005 1:32 AM |
| **To:** | OLD Jason Account |
| **Cc:** | ph@huens.com.hk; mi@huens.com.hk; tmy@huens.com.hk; 'Andy'; 'Anand Dhirmalani' |
| **Subject:** | RE: Purse Brite Infringement Warning |
| **Attachments:** | IV_PB.pdf |

See attached reply.

Sincerely,
Sanjay Mirpuri
sanjay@media-brands.com
Media Brands

Cc: Huen & Partners Solicitors

**From:** Jason M. Drangel [mailto:Jdrangel@ipcounselors.com]
**Sent:** Tuesday, December 06, 2005 5:48 AM
**To:** sanjay@media-brands.com
**Cc:** Andy; Anand Dhirmalani
**Subject:** Purse Brite Infringement Warning

See Attached Warning letter.

***************************************************
Jason M. Drangel
Epstein Drangel Bazerman & James, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
T: 212-292-5390
F: 212-292-5391
E: jdrangel@ipcounselors.com
***************************************************

CONFIDENTIALITY NOTICE:

This is a transmission from Ideavillage Products Corp. and may contain information which is confidential and proprietary. If you are not the addressee, any disclosure, copying or distribution or use of the contents of this message is expressly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at 973-808-7355.

CAUTION:

Internet and e-mail communications are Ideavillage Products Corp property and Ideavillage Products Corp reserves the right to retrieve and read any message created, sent and received. Ideavillage Products Corp reserves the right to monitor messages at any time without any further consent.

**Jason M. Drangel**

| | |
|---|---|
| **From:** | Sanjay Mirpuri <sanjay@media-brands.com> |
| **Sent:** | Friday, March 04, 2005 1:21 AM |
| **To:** | OLD Jason Account |
| **Subject:** | RE: Notice of infringement Attached. |

Dear Jason,

Please be advised we do not own this product in anyway.
We do not own the toolings, artwork or any other material related to this product.

We were offered this product by a factory in China and therefore we offered to few of our clients.

Until today we have not sold even a single piece of this product.


Sincerely,
Sanjay Mirpuri
sanjay@media-brands.com
Media Brands Worldwide Ltd.
15A Kam Wing Commercial Bldg.,
28-30 Minden Avenue T.S.T.,
Kowloon, Hong Kong
Tel: (852) 2369-9709  Fax: (852) 2369-9896


-----Original Message-----
**From:** Jason M. Drangel [mailto:Jdrangel@ipcounselors.com]
**Sent:** Thursday, February 17, 2005 1:00 AM
**To:** sanjay@media-brands.com
**Subject:** Notice of infringement Attached.


*************************************************
Jason M. Drangel
Epstein Drangel Bazerman & James, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
T: 212-292-5390
F: 212-292-5391
E: jdrangel@ipcounselors.com
*************************************************

# EXHIBIT E

**Jason M. Drangel**

| | |
|---|---|
| **From:** | Andy Khubani <andy@IdeaVillage.com> |
| **Sent:** | Wednesday, January 04, 2012 9:50 PM |
| **To:** | Jason M. Drangel; Marty Cohen; Ron Boger |
| **Subject:** | Fwd: Notice of Infringement - Ideavillage Products Corp.- Urgent Attention Required |

Sent from my iPhone

Begin forwarded message:

> **From:** "Saonjay Mirpur - Media Brands" <saonjaymirpur@media-brands.com>
> **To:** "Andy Khubani" <andy@IdeaVillage.com>
> **Subject: Fwd: Notice of Infringement - Ideavillage Products Corp.- Urgent Attention Required**
>
> You really think this is going to scare me or stop me??? Think again......
> I will be watching you very closely and every item you do
>
>
> Begin forwarded message:
>
> From: "Jason M. Drangel"
> <JDrangel@IPCOUNSELORS.COM<mailto:JDrangel@IPCOUNSELORS.COM>>
> Date: 5 January, 2012 6:21:20 AM GMT+08:00
> To: "cs@media-brands.com<mailto:cs@media-brands.com>" <cs@media-brands.com<mailto:cs@media-brands.com>>, "saonjaymirpur@media-brands.com<mailto:saonjaymirpur@media-brands.com>" <saonjaymirpur@media-brands.com<mailto:saonjaymirpur@media-brands.com>>
> Subject: Notice of Infringement - Ideavillage Products Corp.- Urgent Attention Required
>
> Please see enclosed time-sensitive warning lette r. Jason M. Drangel  l  Epstein Drangel LLP
> 60 East 42nd Street, Suite 2410, New York, NY 10165
> T: 212-292-5390 ext. 201   l   F: 212-292-5391   l   E:
> jdrangel@ipcounselors.com<mailto:jdrangel@ipcounselors.com>
>
> <DOC010412-01042012170142.pdf>

CONFIDENTIALITY NOTICE:

This email and any files transmitted with it are property of Ideavillage Products Corp. and may contain information which is confidential and proprietary. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at 973-826-8400 or admin@ideavillage.com