UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IDEAVILLAGE PRODUCTS CORP.,

                      Plaintiff,                                14-CV-6008 (KMW) (DCF)
                                                                                       **OPINION & ORDER**

-against-

MEDIA BRANDS CO. LTD., et. al.,

                      Defendants.
-------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

        Plaintiff, Ideavillage Products Corp. ("Plaintiff"), is suing *pro se* Defendant, Saonjay Mirpur ("Mirpur"), for copyright infringement, trademark infringement, counterfeiting of federally registered trademarks, false designation of origin, and unfair competition. On November 20, 2014, the Clerk of the Court entered a default against Mirpur. On January 30, 2015, Plaintiff moved for default judgement against Mirpur. Although Mirpur's reply to Plaintiff's motion is dated February 5, 2015, it was not filed with the Court until September 2, 2015. For the reasons set forth below, the Court construes Mirpur's reply as a motion to set aside the default and VACATES entry of default against Mirpur.[1]

**I.     BACKGROUND**

        On August 1, 2014, Plaintiff filed a complaint against *pro se* Defendant Saonjay Mirpur (aka Sanjay Mirpur and Sanjay Mirpuri) and his employer, corporate Defendant Media Brands Co., Ltd. (Complaint, [ECF No. 1]). Plaintiff is a New Jersey corporation that markets, sells,

---

[1] Mirpur's reply to Plaintiff's motion for default judgment is construed as a motion to set aside the entry of default. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("Even if a default had been entered, opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion.").

1

and produces consumer products. *Id.* ¶¶ 5, 12-13. Mirpur is CEO of the Hong Kong-based Media Brands. *Id.* ¶¶ 6-7; (Saonjay Mirpur Waiver of Service, [ECF No. 5]).

Plaintiff sues Defendants for copyright infringement arising under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq.; for trademark infringement of federally registered trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114; for counterfeiting of federally registered trademarks in violation of U.S.C. §§ 1114, 1116(d), and 1117(b)-(c); for false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and for related common law claims. *Id.* ¶¶ 1, 40-84.

On September 4, 2014, both Mirpur and corporate Defendant Media Brands waived service of the summons, (Saonjay Mirpur Waiver of Service, [ECF No. 5]); (Media Brands Waiver of Service, [ECF No. 4]), and agreed to answer or otherwise respond to the complaint by November 19, 2014, (Plaintiff's Request for Entry of Default Against Defendant Saonjay Mirpur at 2, [ECF No. 8]). Defendant Media Brands, represented by Manager of Media Brands Charlie Lee, has settled and agreed to entry of a consent judgment. (Final Judgment Upon Consent Ideavillage and Media Brands, [ECF No. 16]).

Mirpur failed to respond to Plaintiff's complaint, resulting in entry of default against him. (Clerk's Certificate of Default, [ECF No. 9]). On January 30, 2015, Plaintiff moved for default judgement against Mirpur, (Plaintiff's Memorandum of Law in Support of Default Judgment, [ECF No. 14]), which the Court referred to Magistrate Judge Freeman for a Report and Recommendation, *see* (Order of Reference to a Magistrate Judge, [ECF No. 17]). Plaintiff is asking for a money judgment of $600,000. (Plaintiff's Memorandum of Law in Support of Default Judgment at 20-25, [ECF No. 14]).

In his reply to Plaintiff's motion for default judgment, Mirpur challenges the Court's jurisdiction and denies all allegations against him.  *See generally* (Defendant's Reply "Def. Reply," [ECF No. 20]).  Mirpur specifically denies Plaintiff's contention that he has failed to respond to any correspondences, repeatedly claiming that he has been traveling and has promptly responded to Plaintiff by electronic communication.  *Id.* at 1, 2, 7, 8, 23.  Mirpur also claims that Media Brands' Manager, Charlie Lee, responded on Mirpur's behalf.  *Id.* at 2, 10, 11.  Although Mirpur's reply is dated February 5, 2015, it was not stamped as "received" by Judge Freeman until June 16, 2015 and was not placed on the case's electronic docket until September 2, 2015.  *Id.* at 1.

## II.     LEGAL STANDARD

The decision to vacate an entry of default is left "to the sound discretion of a district court."  *Enron Oil Corp. v. Diakuhara*, 10 F. 3d 90, 95 (2d Cir. 1993).  Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  The Second Circuit evaluates "good cause" using three well-established factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Enron Oil Corp.*, 10 F. 3d at 96; *see also Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir. 1996) (treating the factors like a balancing test).  Upholding a default is particularly disfavored when it would lead "to the entry of a large money judgment."  *Sony Corp. v. Elm State Elecs.*, Inc., 800 F.2d 317, 320 (2d Cir. 1986) (listing cases holding that default is disfavored when large sums of money will be awarded).

When the party against whom the default is entered is a *pro se* defendant, the Court must be particularly sensitive to the defendant's ability to protect her or his rights.  *See Traguth v.*

*Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Therefore, district courts should "grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*." *Enron Oil Corp.*, 10 F.3d at 96.

### III. DISCUSSION

Liberally construing Mirpur's submission "'to raise the strongest arguments that they suggest,'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F .3d 75, 79 (2d Cir. 1996)), the Court finds that Mirpur satisfies the three "good cause" factors and vacates the entry of default to grant Mirpur a final opportunity to respond to the complaint.

1. <u>Willfulness</u>

The first factor, willfulness, is found when "the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty,* 137 F.3d 732, 738 (2d Cir. 1998). The Second Circuit has repeatedly held that willfulness does not include conduct that is "merely negligent or careless." *Id.* (citing *Am. Alliance Ins. Co.*, 92 F.3d at 61; *Davis v. Musler*, 713 F.2d 907, 915-16 (2d Cir. 1983)). A finding of willfulness weighs against vacating an entry of default. *See Am. Alliance Ins. Co.*, 92 F.3d at 62.

Mirpur claims that his default was not willful, because he was under the false impression that Charlie Lee, representative for corporate Defendant Media Brands, bore responsibility for communicating with Plaintiff about the case, and was responding to the allegations. Def. Reply at 2, 10, 11. Mirpur's 25-page reply to the motion for default judgment supports this interpretation of Mirpur's behavior. After corporate Defendant Media Brands settled with Plaintiff, Mirpur finally realized that he needed to respond, and filed a reply. Because Mirpur relied on his employer's representative to respond on his behalf, the Court finds that Mirpur's

default was not willful.  Mirpur is now required to respond to the complaint by November 2, 2015.

    2. Prejudice

The second factor, prejudice, refers to delay that will "'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Davis*, 713 F.2d at 916 (quoting 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure: Civil*, § 2693 at 477-93 (1983)).  Although some delay is inevitable when granting a motion to vacate a default, "'delay alone is not a sufficient basis for establishing prejudice.'"  *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (quoting *Davis*, 713 F.2d at 916).  A finding of prejudice weighs against vacating an entry of default.  *See Am. Alliance Ins. Co.*, 92 F.3d at 62.

Granting Mirpur a final opportunity to respond to the complaint will not prejudice Plaintiff in any meaningful way.  The Court's strong preference for resolution of cases on the merits is not outweighed by the limited delay Plaintiff will face if the Court vacates the default.  *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) ("A clear preference exists for cases to be adjudicated on the merits."); *Enron Oil Corp.*, 10 F.3d at 96 ("an understandable zeal for a tidy, reduced calendar of cases should not overcome a court's duty to do justice in the particular case.").  Mirpur's 25-page reply evinces a desire to meaningfully contest the allegations against him on the merits, and the Court will grant him that opportunity.  Additionally, the fact that Plaintiff waited over two months to file its motion for default judgment suggests that some further delay will not significantly impact Plaintiff.  Therefore, the Court finds that Plaintiff will not suffer prejudice if the default is vacated.

3.  Meritorious Defense

The third factor, meritorious defense, requires only that a defendant "present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp.*, 10 F.3d at 98. A defense will be considered meritorious "'if it is good at law so as to give the factfinder some determination to make.'" *Am. Alliance Ins. Co.*, 92 F.3d at 61 (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)). A finding of meritorious defense weighs in favor of vacating the default. *See id.* at 62.

Liberally construed, Mirpur's reply contains sufficient facts to constitute a meritorious defense. Mirpur's reply is a point-by-point rebuttal of Plaintiff's brief in support of default judgment. *See generally* Def. Reply. Mirpur claims that *his* company's ideas were misappropriated, arguing that his company should be compensated for the damage caused by Plaintiff's actions. *Id.* at 2-3, 8, 15-17. Mirpur claims that he has documents, witnesses, telephone recordings, and voice recordings to prove that he never infringed on any copyright or trademark-protected products, never intentionally infringed on Plaintiff's intellectual property rights, and never profited from products connected to Plaintiff's intellectual property rights. *Id.* at 2, 3, 5, 8, 15, 17, 20. Because district courts have a broad duty to protect *pro se* defendants who find themselves in court against their will "with little time to learn the intricacies of civil procedure," *Traguth*, 710 F.2d at 95, the Court holds, for the purpose of vacating the entry of default, that Mirpur has raised the prospect of a meritorious defense.

### IV.   CONCLUSION

The Court VACATES the entry of default against *pro se* Defendant Mirpur. Mirpur's conduct was not willful, Plaintiff will not be prejudiced, and Mirpur has raised a potentially meritorious defense. The Court directs Mirpur to answer or otherwise respond to Plaintiff's

6

complaint by **November 2, 2015**.  An initial status conference will be scheduled after Mirpur's response is electronically filed.  If Mirpur's response is not received by November 2, 2015, the Court will direct the Clerk of the Court to enter a default against Mirpur and Plaintiff may refile its motion for default judgment.

       SO ORDERED.

DATED:    New York, New York
               September 24, 2015

                                                 /s/
                                        KIMBA M. WOOD
                                 United States District Judge